**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA

v.  CASE NO. 17-00043(ADC)

**ODALI CORONADO-CAMILO**

    **Defendant.**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

    Defendant Odali Coronado-Camilo has lived all his life in the Dominican Republic. Since a child he has worked and has had no problems with authorities in the Dominican Republic. Due to economic hardships, on November 8, 2015, he tried to enter the United States via Puerto Rico, and after apprehended by immigration authorities, on November 11, 2015, he was removed to the Dominican Republic. And although in the past year and a half he has tried to obtain a job in his native country, he did not get one, and because of his dire economic condition he committed the offense object of the indictment; where he risked his life for a second time trying to reach the United States to work and have a better quality of life.

    Mr. Coronado-Camilo understands that risking his life by traveling in a small boat to Puerto Rico with others, even if he had succeeded in his attempt to reach the United States, is not worth the hardships he was subject to before and after his detention. He placed his life at risk by traveling through the Mona Passage from the Dominican Republic to Puerto Rico; a shark infested treacherous water channel that has taken the lives of many. He is not up to do the same voyage again and, having learned his

lesson, respectfully requests this Honorable Court to impose a sentence at the lower end of the applicable guideline range and enter a non custodial sentence; with full knowledge that he will be detained by immigration authorities who will process him in accordance with immigration laws.

Given the circumstances, the impact that a sentence in excess of that requested by the defendant would overstate the seriousness of his offense, which was not one of violence, drug trafficking or the use of weapons; and that the defendant is in position to plead guilty to the offense, the sentence requested by Mr. Coronado-Camilo is "sufficient, but not greater than necessary," to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). Furthermore, due to the Puerto Rico US Department of Justice policy not to grant a "fast-track" where lower sentences were imposed for immigration offenses, a custodial sentence within the advisory Guidelines range would result in an unwarranted disparity between Mr. Coronado-Camilo and similarly situated defendants in the US were the "fast track" policy is applied.

Mr. Coronado-Camilo is a 36 years old father of four adolescents and children, the youngest being 6, that came to the United States to work to provide for his children and be close to his mother and brother, who legally reside in Puerto Rico. He is not a drug smuggler or user, and is not prone to violence. He is a family man that to earn money transported people within the city of Santo Domingo, or from one town to another in the Dominican Republic, who could not raise enough money for them and decided to came to the United States to work in order to send money back to his 4 children.

*18 U.S.C. 3553(a)*

The mandate of 18 U.S.C. § 3553(a) is, of course, for the court to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in paragraph 2 of that same statute. In <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 (11th Cir. 2006), the court summarized the factors that a sentencing court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [ . . .by the Sentencing Commission];
> (5) any pertinent [Sentencing Commission] policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In Mr. Coronado-Camilo's case, it is the "circumstances of the offense" that justify a lower end advisory guideline non custodial sentence. Such a sentence is justified to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", many whom have had the opportunity to benefit from the fast-track USDOJ policy that is not in place in Puerto Rico anymore.

*USSG § 2L1.2 and the Circumstances of the Offense*

In cases such as Mr. Coronado-Camilo's, the offense level can be significantly affected by the individual's criminal history. Section 2L1.2 provides for an increasing offense level based upon a purported serious preceding offense, which in the present case does not exist as Mr. Coronado-Camilo has had no conviction for "(i)a drug trafficking offense for which athe sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense." Nevertheless, because Mr. Coronoado-Camilo, pursuant to the documents provided by plaintiff, has no criminal history either at the local or federal jurisdiction, and has not committed any of the offenses previously mentioned, the offense level he falls in the US Sentencing Guidelines Sentencing Table is 8, with a criminal history category of I, and a sentencing guideline range is of 0-6 months.  Thus, the defendant, taking into consideration the before, his entering of a guilty plea, and that he has been under custody since he was detained by immigration authorities, respectfully requests the Court to enter a sentence at the lower end of the before mentioned sentencing guideline range, that is, a non custodial sentence.

Mr. Coronado-Camilo recognizes that he will be deported once after he completes his sentence, and he is resigned to live outside the United States. He concedes, that a sentence of time in prison may be imposed by the Court, however, a sentence at the lower end of the applicable guideline range, where the Court considers the time he has been serving in the local jurisdiction correctional institution where he is being detained, will reflect the goals of sentencing set forth in § 3553(a)(2).

*Conclusion*

Mr. Coronado-Camilo contends that a sentence above the lower end of the applicable guideline range would overstate the seriousness of his offense, and that a non custodial sentence is sufficient but not greater than necessary to avoid the unwarranted disparity created by the elimination of fast-track program and those that have been sentenced under the same. He, therefore, requests this Court to impose a non custodial sentence, taking into consideration that he has been under custody since his detention, that he is willing to plead guilty, and that he is to be deported to his country of origin, the Dominican Republic, by US immigration authorities.

In San Juan, Puerto Rico, this 28th day of February, 2017

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all interested parties/attorneys or record.

s:/Antonio L. Bisbal Bultrón

ANTONIO L. BISBAL BULTRON, ESQ.
USDC-PR 214913

P.O. Box 9023851
Old San Juan Station
San Juan, PR 00902-3851

Tel. (787) 531-4416
Fax. (787)282-6049
E-mail: bmlegalpr@gmail.com